**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| HERBERT REX HASENBANK JR., ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | No. 2:23-cv-00029-LEW |
| ) | |
| MAINE GENERAL ) | |
| HOSPITAL et al., ) | |
| ) | |
| Defendants ) | |

**RECOMMENDED DECISION AFTER PRELIMINARY REVIEW**

In this action, Herbert Rex Hasbenank Jr. brings medical malpractice claims against Maine General Hospital and Two Bridges Regional Jail. *See* Complaint (ECF No. 1). Having granted Hasenbank's application to proceed *in forma pauperis*, *see* Order (ECF No. 8), his complaint is now before me for preliminary review in accordance with 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, I recommend that the Court dismiss Hasenbank's complaint unless he amends it to address the deficiencies identified in this recommended decision within the fourteen-day objection period.

**I. Legal Standard**

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to federal courts for persons unable to pay the costs of bringing an action. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). When a party proceeds *in forma pauperis*, however, a court must "dismiss the case at any time if" it determines that the action "is frivolous or malicious[,] . . . fails to state a claim on

1

which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissals under section 1915 are often made on the court's own initiative "prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering" meritless complaints. *Neitzke*, 490 U.S. at 324.

When considering whether a complaint states a claim for which relief may be granted, the court must accept the truth of all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences. *See Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim when it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). An unrepresented plaintiff's complaint must be read liberally in this regard, *see Donovan v. Maine*, 276 F.3d 87, 94 (1st Cir. 2002), but must still contain "the crucial detail of who, what, when, where, and how" in order to provide fair notice of what the claims are and the grounds upon which they rest, *Byrne v. Maryland*, No. 1:20-cv-00036-GZS, 2020 WL 1317731, at *5 (D. Me. Mar. 20, 2020) (rec. dec.), *aff'd*, 2020 WL 2202441 (D. Me. May 6, 2020).

## II. Allegations

In a largely incomprehensible complaint, Hasenbank states that he is currently incarcerated at the Penobscot County Jail and seeks to bring claims against Maine General and Two Bridges—and perhaps some medical providers who work for those two entities—for "medical and psychological malpractice and psychological damage which has" led to his incarceration. Complaint at 2-3. He briefly mentions

that he has written "many requests and grievances for medical and psychological help" but "they" kept referring him "to one another and it caused more psychological damage." *Id.* at 2. Apart from that, he offers no further details.

### III. Discussion

"Federal courts are of limited jurisdiction[ ] and may generally only adjudicate civil actions arising under federal laws, *see* 28 U.S.C. § 1331, and those where parties have complete diversity of citizenship and the amount in controversy exceeds $75,000, *see* [28] U.S.C. § 1332." *FLTR, Inc. v. Safe & Clean Prot., LLC*, No. 21-CV-11546-AK, 2022 WL 16574047, at *1 (D. Mass. Apr. 15, 2022) (cleaned up).

Here, taking Hasenbank's complaint at face value, he appears to assert only state law tort claims against Maine General and Two Bridges. He does not, however, allege sufficient facts to demonstrate complete diversity—and indeed, from all that it appears, he is a Maine citizen suing two Maine entities. *See Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008) ("[D]iversity jurisdiction requires complete diversity of citizenship as between all plaintiffs and all defendants."). Accordingly, this Court cannot exercise diversity jurisdiction over Hasenbank's claims to the extent they arise exclusively under state law.

Federal question jurisdiction might provide a jurisdictional hook if I were to liberally construe Hasenbank's complaint as stating a constitutional claim against Two Bridges for failing to provide adequate medical care, but his complaint suffers from another fatal flaw: it is simply too vague and conclusory to state a claim. Even with a broad reading, Hasenbank's complaint fails to offer sufficient factual content

to state a plausible claim or provide fair notice to Maine General and Two Bridges of what his claims are or the grounds upon which they rest. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 8 (1st Cir. 2011).

Finally, to the extent that Hasenbank is implicitly seeking the appointment of counsel by asking that certain motions be filed on his behalf, *see* Complaint at 3, he does not have a constitutional right to counsel in this civil matter and does not demonstrate any exceptional circumstances that would warrant the Court asking a lawyer to represent him. *See DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991) (noting that there "is no absolute constitutional right to a free lawyer in a civil case" and an indigent plaintiff must show "exceptional circumstances" to warrant the appointment of counsel); *MacDonald v. Duddy*, No. 2:22-cv-00293-JAW, 2022 WL 16706994, at *1 (D. Me. Nov. 4, 2022) ("There is a federal statute, 28 U.S.C. § 1915(e)(1), that allows a court to request a civil litigator to represent a civil plaintiff . . . . But the court is not authorized to appoint a lawyer, only to request that an attorney agree to the representation. Furthermore, Congress has appropriated no funds to pay the civil lawyer. Thus, the Court would have to ask a lawyer to represent [the plaintiff] for free, something the Court has determined is not justified by the allegations in her case, and something that [the plaintiff] could do just as well as the Court."), *appeals docketed*, No. 22-1921 (1st Cir. Nov. 29, 2022); No. 22-1949 (1st Cir. Dec. 8, 2022).

## IV.  Conclusion

For the foregoing reasons, I recommend that the Court **DISMISS** Hasenbank's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) unless he amends it to address the deficiencies identified in this recommended decision within the fourteen-day objection period.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: March 20, 2023

/s/ Karen Frink Wolf
United States Magistrate Judge