UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| HERBERT REX HASENBANK, JR., | ) |
| Plaintiff | ) ) ) |
| v. | ) ) 2:23-cv-00029-LEW |
| MAINE GENERAL HOSPITAL, et al | ) ) ) |
| Defendants | ) ) |

**ORDER AFFIRMING THE AMENDED RECOMMENDED
DECISION OF THE MAGISTRATE JUDGE**

On March 20, 2023, the United States Magistrate Judge filed with the court, with copies to the Plaintiff, her Recommended Decision (ECF No. 10), issued after preliminary review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). In her Recommended Decision, the Magistrate Judge explained that the United States District Court is not the proper court to hear Plaintiff's state law claims against Maine General and/or H[e]arthside because those defendants appear to have Maine citizenship for purposes of diversity jurisdiction and Plaintiff's claims against them do not arise under federal law. Belatedly, Plaintiff filed a letter objecting to the recommendation of dismissal. The Magistrate Judge allowed the untimely filing, reviewed it, and issued an Amended Recommended Decision (ECF No. 18) explaining that the letter objection still failed to identify a valid reason for the United States District Court to exercise jurisdiction over Plaintiff's state law claims against other Maine citizens.

The matter is now before the Court on both the Magistrate Judge's Amended Recommended Decision and Plaintiff's latest letter of objection (ECF No. 21). In his latest objection, Plaintiff represents that he will be able to prove his case of malpractice against Maine

General. He also states that he does not understand why Two Bridges Regional Jail was identified as a potential defendant by the Magistrate Judge.[1] Plaintiff evidently fails to understand that the Magistrate Judge's recommendation that the Court dismiss his law suit is not based on her assessment that he could not prove a claim against Maine General or another care provider, but rather that Plaintiff filed his malpractice law suit in the wrong court (meaning, in a federal court rather than a state court). A review of the Magistrate Judge's recommendations should make it plain to Plaintiff that the United States District Court is a court of limited jurisdiction and that he has not demonstrated why the malpractice and related state law claims he is attempting to pursue against Maine General and/or Hearthside belong in this Court.

I have reviewed and considered the Recommended Decision and the Amended Recommended Decision, together with the entire record. I have made a de novo determination of all matters adjudicated by the Magistrate Judge in her recommended decisions. I concur with the recommendations of the United States Magistrate Judge and, for the reasons set forth in her decisions, determine that no further proceeding is necessary. Accordingly, the Amended Recommended Decision of the Magistrate Judge is **ADOPTED**. Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED.**

Dated this 5th day of July, 2023.

          /s/ Lance E. Walker
          UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff identified Two Bridges Regional Jail as a defendant in his form complaint and reported that he filed grievances seeking medical and psychological help while there. These assertions invite the inference that perhaps Plaintiff intended to assert a claim against one or more unnamed individuals employed at Two Bridges. Plaintiff did not allege any facts, however, to explain why personnel at the jail would be liable to him. Instead, Plaintiff complained of malpractice that he claims caused his incarceration, something for which jail personnel presumably would not be responsible. Plaintiff's most recent objection helpfully explains that he did not mean to assert a claim against Two Bridges personnel in his complaint. *See* Second Obj. Letter (ECF No. 21) at 2 ("Why is Two Bridges even part of my claim against Maine General?").